NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY LYNN NORWOOD, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MATTHEW CATE, Director of Prisons; KEN CLARK, Warden; K. ALLISON, Warden; T. P. WAN, Associate Warden; J. REYNOSO, Facility Captain; ZANINI, Appeals Coordinator; N. GRANNIS, Chief of Inmate Appeals; W. J. SULLIVAN, <br><br> Defendants-Appellees. | No.  14-17059 <br><br> D.C. No. 1:09-cv-00330-AWI-SAB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 12, 2016 **
Submission Vacated December 16, 2016
Resubmitted February 15, 2017
San Francisco, California

Before:  GRABER and HURWITZ, Circuit Judges, and BOULWARE,*** District

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard F. Boulware, United States District Judge for the

Judge.

Gregory Norwood appeals a summary judgment in this 42 U.S.C. § 1983 action against several prison officials, alleging two Eighth Amendment claims arising from the denial of outdoor exercise during two temporary prison lockdowns. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Norwood argues that the state defendants violated clearly established law by denying him outdoor exercise during the two lockdowns following a prison race riot. *See Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir. 1995). A prison official is entitled to qualified immunity unless his or her conduct violated a constitutional right that was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

1. Norwood was deprived of outdoor exercise in response to a genuine emergency—a violent race riot involving 28 inmates, which was followed by continuing racial tension, threats of retribution, and several acts of violence. In 2008, prison officials did not violate clearly established law by instituting a temporary lockdown in response to a genuine emergency. *See Hayward v. Procunier*, 629 F.2d 599, 603 (9th Cir. 1980). Nor was it clearly established "precisely how, according

District of Nevada, sitting by designation.

2

to the Constitution, or when a prison facility housing problem inmates must return to normal operations, including outside exercise," after a genuine emergency. *Noble v. Adams*, 646 F.3d 1138, 1143 (9th Cir. 2011).

2. Norwood also argues that Defendants violated his Eighth Amendment rights by deliberately releasing a Caucasian inmate affiliated with an African-American disruptive group into the exercise yard in order to provoke a race riot. To establish an Eighth Amendment violation, an inmate must show that prison officials unreasonably ignored a known substantial risk of serious harm to inmates' health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 837, 844 (1994). It is undisputed that the state defendants took precautions before introducing the inmate at issue into the outdoor exercise yard: they investigated the potential threat, conducted interviews, and closely observed him in the dayroom before releasing him to the yard. Thus, the district court correctly concluded that there was no genuine dispute whether the officials unreasonably ignored a substantial risk of serious harm to inmate health or safety. *Id.*

3. Norwood moved to re-open discovery over two years after it closed to obtain additional information to oppose Defendants' supplemental motion for summary judgment. The district court did not abuse its discretion in denying Norwood's discovery motion. Norwood did not suggest any specific facts that additional discovery would reveal, nor did he explain how those facts would

preclude summary judgment. *See Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006).

4. We have reviewed Norwood's remaining arguments and find them unpersuasive.

**AFFIRMED.**